# In the
# Indiana Supreme Court

| | |
|---|---|
| Roy Lee Ward,<br>    Appellant,<br><br>v.<br><br>State of Indiana,<br>    Appellee. | Supreme Court Case Nos.<br>74S00-0907-PD-320<br>25S-SD-167<br><br>Trial Court Case No.<br>74C01-0107-CF-158 |



FILED
Jul 07 2025, 11:19 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## Order

On June 27, 2025, the State moved to set an execution date for Roy Lee Ward, who was convicted of the rape and murder of Stacy Payne and sentenced to death in 2007. In its motion, the State asserts that (1) Ward has no further grounds for state or federal courts to review whether his convictions and/or sentence are valid; and (2) there is no active stay preventing Ward's execution.

On July 2, Ward, by counsel, moved for a thirty-day extension of time to respond because the Department of Correction has not yet responded to counsel's public records requests related to drugs the State intends to use for Ward's execution. Ward explains that these requests relate to his "serious questions and concerns about whether the State of Indiana can carry out his execution in a constitutionally permissible manner." Verified Mot. for Extension of Time at 3. The State objects to the extension request, arguing that "[w]hatever information [Ward] gleans from any response to those requests is only relevant to potential future litigation and entirely irrelevant to the substance of the State's request in its motion to set an execution date." State's Verified Objection to Mot. for Extension of Time at 1. The State contends that "[t]he 'only' issue properly before this Court is whether the law requires it to set an execution date," which the State argues the law does require. *Id.* That said, the State acknowledges that "[i]f Ward wants to engage in litigation based on information from the DOC, then it is his prerogative to file a suit independent of the current cause or initiate some type of proceeding and request a stay from this Court." *Id.*

We recently considered a similar dispute in *Corcoran v. State*, No. 24S-SD-222. Corcoran opposed the State's Motion to Set Execution Date based in part on "the State's failure to disclose information about its current execution protocol." Sep. 11, 2024 Order at 2. We concluded that concern was not properly before us because, at that point, our role was limited to completing an "administrative task to set an execution date under Indiana Code section 35-50-2-9(h) and Indiana Criminal Rule 6.1(G)(1)." *Id.* And we explained that "[w]hile a petitioner can raise claims involving previously undiscovered evidence through a written petition under [Indiana Code] Section 35-50-2-9(k), raise constitutional claims through a successive petition for post-conviction relief under Post-Conviction Rule 1(12), or raise challenges to an execution protocol through a civil lawsuit, we agree[d] with the State that a 'Motion to Set Execution Date' is not any of those

proceedings, and the only thing properly before us is the State's motion." *Id.* We maintain the same view here, and we therefore conclude that Ward's outstanding public records requests do not provide an appropriate basis for a thirty-day extension of time to respond to the State's motion.

We are mindful, however, that after we perform our administrative task of setting an execution date, other state and federal officials must work backwards from that date to fulfill their own important duties related to an ordered execution. As recent examples, our orders setting execution dates in *Corcoran* and *Ritchie* triggered federal litigation. Petitioners also usually petition the Governor to exercise his constitutional power to commute their sentences, and the Governor's office has its own process for considering those requests. The Department of Correction must carry out the execution, navigating all the logistics that entails.

For all these considerations and more, we lack the parties' insight into what they and their counsel would anticipate as the next steps in the judicial and executive branch process that are specific to Ward if an execution date is set. With that in mind, and out of respect for all parties with important responsibilities in this process, we identify now our *tentative* date for the execution as **Friday, October 10, 2025**, if we grant the State's motion. Ward's response to the State's Verified Motion to Set Execution Date is due on or before **July 30, 2025**, and the State is granted leave to file a reply brief on or before **August 11, 2025**.

The parties are further directed to file all pleadings in this matter under case number 25S-SD-167.

Done at Indianapolis, Indiana, on 7/7/2025   .

Loretta H. Rush
Chief Justice of Indiana

All Justices concur.