# IN THE
# INDIANA SUPREME COURT

## Case No. 25S-SD-167

| | |
|---|---|
| ROY LEE WARD, ) | |
| ) | |
| *Appellant*, ) | |
| ) | |
| v. ) | |
| ) | **THIS IS A CAPITAL CASE** |
| STATE OF INDIANA, ) | |
| ) | |
| *Appellee*. ) | |

## Petition for Rehearing

Amy E. Karozos
Public Defender of Indiana
Attorney No. 14429-49

Joanna Green
Deputy Public Defender
Attorney No. 16724-53

Laura L. Volk
Deputy Public Defender
Attorney No. 18934-49

One North Capitol, Suite 800
Indianapolis, IN 46204
Telephone: (317) 232-2475

Attorneys for Appellant

# Table of Contents

**Page**

Table of Authorities ...................................................................................... 3

Statement of the Issues .............................................................................. 4

Arguments .................................................................................................. 4

1. This Court's Order Denying Leave to Seek Successive
   Post-Conviction Relief is in direct conflict with its
   two-decade-old precedent, *Bieghler v. State,* 839 N.E.2d 691
   (Ind. 2005); *Johnson v. State,* 827 N.E.2d 547 (Ind. 2005),
   that was reaffirmed in a recent capital case ................................................ 4

2. This Court should not permit the State to change
   positions to effectuate an execution ........................................................... 8

3. This Court should not reverse its previous authority
   without analyzing the sea change in the law under
   the doctrine of *stare decisis* ..................................................................... 9

4. The dissenting Justice correctly analyzed Ward's claims ........................... 10

Conclusion ................................................................................................ 12

Verification of Word Count ....................................................................... 13

Certificate of Service ................................................................................ 14

## Table of Authorities

**Cases**                                                                                                                 **Page**

*Baird v. State,* 833 N.E.2d 28 (Ind. 2005)..........................................................................7

*Bieghler v. State,* 839 N.E.2d 691 (Ind. 2005) .......................................2, 4, 5, 6, 9

*Clifton v. McCammack,* 43 N.E.3d 213 (Ind. 2015)...............................................9

*Corcoran v. State,* 246 N.E.3d 782 (Ind. 2024) ..................................................6, 7

*Ford v. Wainwright,* 477 U.S. 399 (1986).............................................................6

*Isom v. State,* 170 N.E.3d 623 (Ind. 2021)....................................................5, 8, 9

*Johnson v. State,* 827 N.E.2d 547 (Ind. 2005) .......................................2, 4, 5, 6, 9

*Moore v. State,* 771 N.E.2d 46 (Ind. 2002)........................................................5, 9

*Overstreet v. State,* 993 N.E.2d 179 (Ind. 2013) ................................................7, 8

*Panetti v. Quarterman,* 551 U.S. 930 (2007) ........................................................6

*Ritchie v. State,* 809 N.E.2d 258 (Ind. 2004)....................................................6, 9

*Snyder v. King,* 958 N.E.2d 764 (Ind. 2011) .......................................................9

*Timberlake v. State,* 858 N.E.2d 625 (Ind. 2006) ..................................................7

**Rules**

Indiana Post-Conviction Rule 1(1)(e) ..............................................................7

## Statement of the Issues

1. Whether the Order Denying Leave to Seek Successive Post-Conviction Relief is in direct conflict with its two-decade old precedent, *Bieghler v. State*, 839 N.E.2d 691 (Ind. 2005); *Johnson v. State*, 827 N.E.2d 547 (Ind. 2005), that was reaffirmed in a recent capital case.

2. Whether this Court should permit the State to change positions to effectuate an execution.

3. Whether this Court should reverse previous precedent without any analysis regarding how the State satisfied this Court's stringent doctrine of *stare decisis*.

4. Whether the majority should adopt the dissenting Justice's analysis of Ward's claims because the dissenting Justice correctly concluded, consistent with this Court's precedent, to allow Ward to proceed by forcing the State to comply with his public records request to which he is legally entitled.

## Arguments

1. This Court's Order Denying Leave to Seek Successive Post-Conviction Relief is in direct conflict with its two-decade-old precedent, *Bieghler v. State*, 839 N.E.2d 691 (Ind. 2005); *Johnson v. State*, 827 N.E.2d 547 (Ind. 2005), that was reaffirmed in a recent capital case.

In response to the State's Motion to Set an Execution Date, Ward requested permission to file a successive post-conviction petition. Ward raised numerous claims regarding his execution in the request. The claims raised were based on this Court's precedent that such claims are cognizable in a successive

4

post-conviction petition. This Court's August 27, 2025, Order disregards that precedent with no analysis as to why this Court previously committed errors in recognizing the availability of these claims in a successor posture. Ward requests the Court reconsider its decision.

For decades, method of execution claims have been permitted to be raised in successor post-conviction. *Bieghler*, 839 N.E.2d 691; *Johnson*, 827 N.E.2d 547. Recently this Court determined that a capital defendant cannot challenge the method of execution in his initial post-conviction petition because it is not ripe. *Isom v. State*, 170 N.E.3d 623 (Ind. 2021). That is, a challenge at the initial post-conviction stage is not available to be raised at that time because of the possibility the method of execution may change by the time an execution date is set. This logically led to this Court's conclusion that under Indiana law methods of execution claims are only available after the issuance of an execution warrant. *Id*.

Relying on this Court's precedent, Ward raised his claims when they were available to him – at the time the warrant issued. This time-honored precedent was so established that the State **conceded** in Ward's proceedings that "this Court has traditionally addressed the merits of the method-of-execution claims under the Eighth Amendment in the post-conviction context." Verified Response in Opposition to Successive Petition at 14. As conceded by the State, this Court has addressed these claims in direct appeal, *Moore v. State*,

771 N.E.2d 46 (Ind. 2002) and *Ritchie v. State*, 809 N.E.2d 258, 262 (Ind. 2004), as well as in post-conviction, *Bieghler*, 839 N.E.2d 691 and *Johnson*, 827 N.E.2d 547.

The order this Court issued changed the longstanding avenue to raise a method of execution challenges, thus, denying Ward the opportunity to challenge the constitutionality of his scheduled execution. This Court adopted the State's new argument that method of execution challenges are not available in post-conviction based on the language of the rule. Specifically, this Court determined, "But because he seeks to litigate his claims only in post-conviction proceedings and none of them attack the validity of his convictions or sentence imposed, he has not established a reasonable probability that he is entitled to post-conviction relief." Slip Op. p. 3. Adopting this change leaves Ward with no notice of the change in procedure that has been in place for decades.

Death penalty cases involve circumstances unique from non-capital cases. Those circumstances have resulted in this Court reviewing claims in a successive post-conviction proceeding that do not necessarily attack the validity of a conviction or sentence. One such claim is whether a capital defendant is competent to be executed. In a recent capital case, this Court considered whether Corcoran was not currently competent to be executed under *Panetti v. Quarterman*, 551 U.S. 930 (2007), and *Ford v. Wainwright*, 477 U.S. 399 (1986). *Corcoran v. State*, 246 N.E.3d 782, 794 (Ind. 2024). Although competency to be

6

executed does not implicate the "validity of a conviction or sentence," this Court reviewed the claim as the basis for a successive post-conviction petition. *Id.* at 797-800. In the end, this Court did not conclude the claim was not available in a successive post-conviction petition because it did not challenge his conviction or sentence. Instead, it reviewed the evidence without any evidentiary processes and determined that Corcoran had not made the required showing for a successive petition. *Id.* at 800.

The same procedure was used in another capital case. In *Overstreet*, his competency to be executed was raised in a successive post-conviction petition. *Overstreet v. State*, 993 N.E.2d 179 (Ind. 2013). Preliminarily Overstreet argued the successor post-conviction rules should not apply to this claim because competency to be executed claims are only ripe when an execution date is set. *Id.* at 180. In response this Court stated:

> Indiana Post–Conviction Rule 1(1)(e) expressly provides that a petition seeking to present new evidence challenging the appropriateness of a death sentence brought by a person, who has already completed state post-conviction review proceedings, is considered a successive petition. We have treated other similar claims as successive. *See, e.g., Timberlake v. State,* 858 N.E.2d 625, 627 (Ind.2006); *Baird v. State,* 833 N.E.2d 28, 29–30 (Ind.2005). Therefore, we treat Overstreet's petition as successive.

*Overstreet,* 993 N.E.2d at 180.

In the end, this Court granted permission for Overstreet to litigate his competency to be executed claim as a successor petition for post-conviction relief even though the constitutional claim did not implicate the conviction or

7

sentence. *Id.* at 180-81. Logically, claims challenging the method of execution should continue to be treated the same.

The procedure adopted by this Court effectively prevents a capital defendant from challenging the method of execution in Indiana courts as part of his appellate process. A capital defendant who raises the claim in his original post-conviction action will be dismissed because it is not ripe. But waiting to raise a claim in a successive petition will result in its dismissal because, contrary to this Court's previous precedent, under the Order issued in Ward, it is not a claim that attacks the "validity of his convictions or the sentence imposed. . . ." Slip Op. p. 3. This Court should reconsider its Order and permit Ward to raise his method of execution claim in his successive post-conviction petition, consistent with its precedent that has existed for nearly a quarter of a century.

2. This Court should not permit the State to change positions to effectuate an execution.

This Court has previously held that methods of execution claims are available under Indiana law immediately preceding the issuance of an execution warrant. *Isom*, 170 N.E.3d 623. As noted in *Isom*, "The post-conviction court denied Isom's request based on the *State's objection* that it had no execution date set for Isom and did not know which substances or method would be used to execute him." *Id.* at 653 (emphasis added). Here, the State argued contrary to the position that prevailed in *Isom*.

8

Petition for Rehearing –
Roy Lee Ward

Ward raised the *Isom* decision. The State, in spite of nearly 50 pages of briefing, did not address their inconsistent positions. This Court, *sub silencio*, accepted the change in position that effectuated the denial of a claim in a capital case just four years ago. This Court should reconsider its Order and permit Ward to raise his method of execution claim in his successive post-conviction petition, consistent with its precedent and what the State argued previously in a capital case.

3. This Court should not reverse its previous authority without analyzing the sea change in the law under the doctrine of *stare decisis*.

This Court effectively overruled *Bieghler*, 839 N.E.2d 691, *Johnson*, 827 N.E.2d 547, *Isom*, 170 N.E.3d 623, *Moore*, 771 N.E.2d 46, and *Ritchie*, 809 N.E.2d 258. This Court never explained why it was universally retreating from this precedent.

*Stare decisis* is a "maxim of judicial restraint supported by compelling policy reasons of predictability." *Snyder v. King*, 958 N.E.2d 764, 776 (Ind. 2011). Under the doctrine, a court will overturn a rule established by precedent only when there are "urgent reasons and a clear manifestation of error." *Clifton v. McCammack*, 43 N.E.3d 213, 220 (Ind. 2015) (quoting *Snyder*, 958 N.E.2d at 776). The State made no attempt to overcome the doctrine of *stare decisis* nor did this Court explain how the maxim of *stare decisis* was satisfied here. This Court should reconsider its Order and proceed consistent with the maxim of *stare decisis*.

4. The dissenting Justice correctly analyzed Ward's claims.

Before addressing why Justice Goff correctly described how matters should proceed, Ward asks this Court to consider the following uncontested facts:

- Five affirmations conclusively demonstrate something went wrong during Mr. Ritchie's execution;

- Expert testimony documents that the drugs did not work as they should have and that Indiana is paying a quarter million more than they should for the drugs;

- IDOC has drug its heels in the other APRA lawsuit, seeking extensions and then not releasing anything in a suit related to Mr. Ritchie after what was an obviously problematic execution;

- Given the drugs did not work as planned, Ward will be executed in a needlessly and *intentionally* painful manner in violation of the Eighth Amendment.

The majority of this Court determined Ward will not be permitted to litigate because his claims did not implicate the "validity of his conviction or the sentence imposed." Thus, the majority merely decided his claims were not available to be reviewed. The case was not decided on the basis of the evidence presented. That conclusion should not stand because it is in violation of longstanding precedent that such claims are appropriately raised in a successive

Petition for Rehearing –
Roy Lee Ward

post-conviction petition. *See supra.* If rehearing is not granted and the Order is permitted to stand as is, it will "effectively allow[] death by delay." Slip Op. p. 8 (Goff, J. dissenting).

The dissenting Justice's decision is a reasonable approach and Ward requests it be adopted by the Court. On May 8, June 9, and July 14, 2025, Ward followed the proper procedure to request public records from the Indiana Department of Correction. Exhibits F, G, and H to Successive Petition for Post-Conviction Relief filed on July 30. As Justice Goff noted none of the requests implicated the secrecy statute. Slip Op. p. 8 (Goff, J. dissenting) ("Ward has requested no such information."). Yet to date, Ward has received nothing from the IDOC – not one redacted document or even a denial letter. Instead in response, the State of Indiana filed a request for an execution date.

Not only has the IDOC refused to comply with the records request, but now there has been a problematic execution. Mr. Ritchie was executed on May 20, 2025. Ward set forth evidence from numerous witnesses to his execution that what they observed "was inconsistent with the normal effects of unadulterated pentobarbital." Slip Op. p. 6 (Goff, J. dissenting). Two of Ward's public records' requests were made after Mr. Ritchie's execution to determine the source of the problems that occurred.

Neither of the two recent capital defendants (Joseph Corcoran and Benjamin Ritchie) who were executed challenged the method of execution. It

11

was only after the problems with Mr. Ritchie's execution and the statements made by the governor calling into question whether expired drugs were used in that execution that provided evidence that there is a substantial risk of needless pain and suffering created by the pentobarbital the State of Indiana is using in its executions.

This Court should grant rehearing, conclude the claims are available for review in this proceeding and evaluate Ward's evidence showing he is entitled to further litigation of his claims after the State is required to provide Ward with the documents he requested pursuant to the APRA. Without allowing that, as Justice Goff aptly observed, "Setting an execution date before the APRA issue is resolved gives the DOC no incentive to expedite the APRA proceedings, effectively allowing death by delay." Slip Op. p. 8 (Goff, J. dissenting). This Court should not allow that to occur. Rather, this Court should "exercise [its]discretion to set Ward's execution date after the DOC responds to his request for records—an especially prudent approach, in my view, given the need for time to investigate the viability of his claim, which ripened only when we set a tentative execution date." *Id.* p. 7 (Goff, J. dissenting).

## Conclusion

Ward requests this Court reconsider its August 27, 2025 Order, permit Ward to file a first-in-time petition for post-conviction relief challenging the method of execution and issue a stay of execution. In the alterative, Ward

12

Petition for Rehearing –
Roy Lee Ward

requests this Court grant him permission to file the successive petition for post-conviction relief he tendered on July 30, 2025, and issue a stay of execution to permit him to litigate the claims presented in it.

Respectfully Submitted,

AMY E. KAROZOS
Public Defender of Indiana
Attorney No. 14429-49

By:  /s/ Joanna Green
     Joanna Green
     Deputy Public Defender
     Attorney No. 16724-53

By:  /s/ Laura L. Volk
     Laura L. Volk
     Deputy Public Defender
     Attorney No. 18934-49

**Verification of Word Count**

Roy Ward, by counsel, files this verified certification that the total amount of words in the Petition for Rehearing has not exceeded 4,200 words.

     /s/ Joanna Green
     Joanna Green
     Deputy Public Defender

Petition for Rehearing –
Roy Lee Ward

## Certificate of Service

I hereby certify that a true copy of the foregoing has been delivered through IEFS to the following, this 2nd day of September 2025.

    Tyler Banks
    Supervising Deputy Attorney General
    Tyler.Banks@atg.in.gov

                      /s/ Laura L. Volk
                      Laura L. Volk
                      Deputy Public Defender

Public Defender of Indiana
One North Capitol, Suite 800
Indianapolis, Indiana 46204-2026
Telephone: (317) 232-2475