IN THE
SUPREME COURT OF INDIANA

No. 25S-SD-167

| | |
|---|---|
| ROY LEE WARD,<br>*Appellant-Defendant,* | Appeal from the<br>Spencer Circuit Court, |
| v. | No. 74C01-0107-CF-158 |
| STATE OF INDIANA,<br>*Appellee-Plaintiff.* | The Honorable Robert J. Pigman,<br>Special Judge. |

**RESPONSE IN OPPOSITION TO REHEARING**

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

TYLER BANKS
Supervising Deputy Attorney General
Attorney No. 30514-36
Office of Indiana Attorney
General Todd Rokita
IGCS, Fifth Floor
302 W. Washington St.
Indianapolis, IN 46204-2770
(317) 234-7016
Tyler.Banks@atg.in.gov

*Counsel for Appellee*

1

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 2 of 18
Response in Opposition to Rehearing
State of Indiana

# TABLE OF CONTENTS

Table of Authorities ....................................................................................................3

Response in Opposition to Rehearing .......................................................................5

Argument:

      Ward's petition for rehearing should be denied..............................................6

      A. The majority opinion is consistent with this Court's precedent ................7

      B. The State has also been consistent .........................................................11

      C. Claims challenging a capital defendant's competency to be executed are appropriate for post-conviction, but claims challenging the method of execution are not ............................................14

      D. Ward has available judicial remedies at his disposal to compel the disclosure of his APRA requests.............................................16

Conclusion ................................................................................................................17

Word Count Certificate............................................................................................17

Certificate of Service................................................................................................18

USDC IN/ND case 3:25-cv-00798-CCB     document 1-13     filed 09/18/25     page 3 of 18
Response in Opposition to Rehearing
State of Indiana

# TABLE OF AUTHORITIES

**Cases**

*Benefiel v. State*, 716 N.E.2d 906 (Ind. 1999) .......................................................... 7, 8

*Bieghler v. State*, 839 N.E.2d 691 (Ind. 2005).................................................... 7, 8, 11

*Corcoran v. State*, 246 N.E.3d 782 (Ind. 2024) ........................................... 5, 10, 14, 15

*Ford v. Wainwright*, 477 U.S. 399 (1986) .......................................................... 15, 16

*Isom v. State*, 170 N.E.3d 623 (Ind. 2021) .......................................................*passim*

*Johnson v. State*, 827 N.E.2d 547 (Ind. 2005) ......................................................... 7, 8

*Jones v. Barnes*, 463 U.S. 745 (1983) ........................................................................ 11

*Latta v. State*, 743 N.E.2d 1121 (Ind. 2001) ............................................................. 10

*Layman v. State*, 42 N.E.3d 972 (Ind. 2015).............................................................. 11

*Marsillett v. State,* 495 N.E.2d 699 (Ind. 1986) ................................................... 10, 11

*Moore v. State*, 771 N.E.2d 46 (Ind. 2002) ............................................................ 9, 10

*Overstreet v. State*, 993 N.E.2d 179 (Ind. 2013)..................................................... 5, 14

*Panetti v. Quarterman*, 551 U.S. 930 (2007)......................................................... 15, 16

*Ritchie v. State*, 809 N.E.2d 258 (Ind. 2004)......................................................... 9, 10

*Snyder v. King*, 958 N.E.2d 764 (Ind. 2011) ............................................................. 10

*State v. Hernandez*, 910 N.E.2d 213 (Ind. 2009) ....................................................... 10

*State v. Timbs,* 169 N.E.3d 361 (Ind. 2021).............................................................. 10

*Timberlake v. State*, 858 N.E.2d 625 (Ind. 2006)....................................................... 15

*Ward v. State*, No. 25S-SD-167, slip op. (Ind. Aug. 27, 2025)............................*passim*

**Statutes**

42 U.S.C. § 1983................................................................................................... 9

Ind. Code § 5-14-3-9(i) ........................................................................................ 16

USDC IN/ND case 3:25-cv-00798-CCB    document 1-13    filed 09/18/25    page 4 of 18
Response in Opposition to Rehearing
State of Indiana

Ind. Code § 5-14-3-9(e) ............................................................................................... 16

Ind. Code § 5-14-3-9(f) ............................................................................................... 16

Ind. Code § 5-14-3-9(g) ............................................................................................... 16

Ind. Code § 5-14-3-9(h) ............................................................................................... 16

Ind. Code § 5-14-3-9(j) ............................................................................................... 16

Ind. Code § 5-14-3-9(k) ............................................................................................... 16

Ind. Code § 35-38-6-1-(f) ............................................................................................ 17

**Other Authorities**

Ind Appellate Rule 7(A) ................................................................................................ 9

Ind. Post-Conviction Rule 1(1)(a) ............................................................................... 10

Ind. Post-Conviction Rule 1(1)(b) ..................................................................... 8, 10, 14

Ind. Post-Conviction Rule 1(1)(c) ......................................................................... 10, 14

Ind. Post-Conviction Rule 1(1)(d) ............................................................................... 10

Ind. Post-Conviction Rule 1(1)(e) ......................................................................... 10, 14

U.S. Const. ................................................................................................................... 15

U.S. Const. amend VIII ....................................................................... 10, 12, 15, 16

U.S. Const. amend XIV ............................................................................................... 15

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 5 of 18
Response in Opposition to Rehearing
State of Indiana

## RESPONSE IN OPPOSITION TO REHEARING

Ward has not given this Court a good reason to reconsider its decision to set an execution date or to deny him permission to litigate claims that are improper under the post-conviction rules. The majority did not create new law, nor does this Court's holding conflict with current precedent. The majority merely applied the plain language of the post-conviction rules to correctly conclude that Ward could not establish a reasonable possibility that he is entitled to post-conviction relief because his method-of-execution claims were not permissible claims for successive post-conviction relief. *Ward v. State*, No. 25S-SD-167, slip op. at 3 (Ind. Aug. 27, 2025). Nothing in this Court's precedent expressly permits petitioners to raise method-of-execution claims in the way he attempted to do so.

Ward's reliance on cases like *Corcoran v. State*, 246 N.E.3d 782 (Ind. 2024), and *Overstreet v. State*, 993 N.E.2d 179 (Ind. 2013), is misplaced because those cases involved competency-to-be-executed claims. Challenges surrounding a petitioner's competency to be executed are permitted under the post-conviction rules because a finding of incompetency prevents a death sentence from being carried out; the State is categorically prohibited from executing such a person. Whereas method-of execution claims do not categorically prohibit execution but only challenge how an execution may be effectuated. This is a material difference. Ward's attempt to contort this Court's precedent and equate method-of-execution claims with claims challenging competency to be executed should once again be rejected. Because this Court's opinion does not conflict with any binding precedent, the doctrine of *stare*

5

USDC IN/ND case 3:25-cv-00798-CCB document 1-13 filed 09/18/25 page 6 of 18
Response in Opposition to Rehearing
State of Indiana

*decisis* is inapplicable. This Court's straightforward application of the post-conviction rules to method-of-execution claims does not create the inconsistency alleged in support of rehearing. Rehearing should be denied.

## ARGUMENT

### Ward's petition for rehearing should be denied.

The majority opinion does not conflict with this Court's precedent. While this Court has considered the underlying merits of method-of-execution claims in the past, it has only done so to find that petitioners failed to establish a reasonable possibility of success on the merits and deny authorization to file a successive petition. Moreover, claims regarding a petitioner's competency to be executed are permitted under the post-conviction rules because they challenge a defendant's eligibility to be executed. Other cases denying permission to litigate do not support Ward's argument that method-of-execution claims—which do not challenge a defendant's eligibility to serve the sentence imposed—are allowed on post-conviction. And, contrary to Ward's claim, the State has not changed its position on the scope of post-conviction proceedings (Reh'g Pet. 8–9). Parties may make different arguments in different cases because they have made different strategic decisions based on the circumstances. Nonetheless, even if the State's position has changed on the scope of the post-conviction rules, taking a position consistent with the law is by no means controversial. Because the majority opinion does not conflict with or overrule binding precent, it was not bound by *stare decisis*. Ward has failed to show that rehearing is warranted. His petition should be denied.

Response in Opposition to Rehearing
State of Indiana

**A. The majority opinion is consistent with this Court's precedent.**

The majority opinion correctly determined that Ward's method-of-execution claims were impermissible in a petition for successive post-conviction relief under the plain language of the post-conviction rules and declined to alternatively discuss the reasonable possibility that Ward would be entitled to post-conviction relief on the merits. *Ward*, slip op. at 3. Ward argues that this was erroneous because this Court has recognized that method-of-execution claims are cognizable through a successive petition for post-conviction relief (Reh'g Pet. 4–8). Not so. This Court had previously not addressed the threshold question of whether successive post-conviction is the proper vehicle to raise method-of-execution claims until *Ward*, and in doing so it did not overrule any prior cases.

The majority opinion did not modify the avenue for raising method-of-execution claims. This Court has routinely declined to authorize the filing of successive post-conviction petitions raising method-of-execution claims because the petitioners failed to establish a reasonable possibility that they were entitled to post-conviction relief. *See, e.g.*, *Bieghler v. State*, 839 N.E.2d 691, 698–99 (Ind. 2005); *Johnson v. State*, 827 N.E.2d 547, 553 (Ind. 2005). In those cases, this Court reviewed the merits of the petitioners' method-of-execution claims to determine that they failed to establish a reasonable possibility of relief. *See Bieghler*, 839 N.E.2d at 694–96; *Johnson*, 827 N.E.2d at 553. This Court has also found a petitioner's challenge to the Department of Correction's execution protocol was waived because he failed to present the issue to the post-conviction court. *Benefiel v. State*, 716

USDC IN/ND case 3:25-cv-00798-CCB document 1-13 filed 09/18/25 page 8 of 18
Response in Opposition to Rehearing
State of Indiana

N.E.2d 906, 918 (Ind. 1999). However, this Court has never explicitly stated that method-of-execution claims were permissible under the plain language of the post-conviction rules. *See, e.g.*, *Bieghler*, 839 N.E.2d at 694–96; *Johnson*, 827 N.E.2d at 553; *Benefiel*, 716 N.E.2d at 918. Thus, the majority opinion in *Ward* is not inconsistent with this Court's precedent.

      This Court has never allowed petitioners to fully litigate these types of method-of-execution claims in successive post-conviction proceedings. While this Court discussed the possibility of potentially succeeding on these claims, it has not allowed them to move forward in litigation. *See Bieghler*, 839 N.E.2d at 694–96; *Johnson*, 827 N.E.2d at 553; *Benefiel*, 716 N.E.2d at 918. At most, this Court's decisions *implied* that petitioners could bring such a challenge through a successive petition for post-conviction relief. But this implication is nowhere near a holding that method-of-execution claims are cognizable in successive post-conviction petitions. The majority opinion fully examining the plain language of the post-conviction rules has now expressly (and correctly) established that petitioners cannot bring method-of-execution challenges in successive post-conviction petitions because those challenges are not ones to the "validity of the conviction or sentence." P-C.R. 1(1)(b). Answering this threshold question did not create a conflict; it clarified the law.

      This Court's holding in *Isom v. State*, 170 N.E.3d 623, 653 (Ind. 2021), does not support Ward's argument that method-of-execution claims are permitted on post-conviction either. In *Isom*, this Court affirmed the post-conviction court's

USDC IN/ND case 3:25-cv-00798-CCB document 1-13 filed 09/18/25 page 9 of 18
Response in Opposition to Rehearing
State of Indiana

denial of relief after finding that Isom had waived his claims. *Isom*, 170 N.E.3d at 654–55. So this Court did not reach the merits of his method-of-execution claim. *Id.* To the extent that *Isom* could be interpreted as Ward suggests (Reh'g Pet. 5), a determination from this Court that a method-of-execution challenge is not ripe is a far cry from holding that such a claim is cognizable in successive post-conviction proceedings. Even under Ward's reading, both *Isom* and *Ward* can be applied together: A petitioner cannot raise a method-of-execution claim until it is ripe *and* successive post-conviction is not the proper vehicle for raising such claims once they ripen. That, of course, does not mean that there is no proper avenue for raising ripe claims: As the majority opinion noted, Ward may challenge the method of execution under 42 U.S.C. § 1983 or through other avenues in state and federal court. *Ward*, slip op. at 3. All that this Court held was that Ward tried to raise claims through a procedure that does not allow those claims to be raised. The majority opinion is not in conflict with *Isom*. Ward's strained reading of *Isom* and its applicability here should be rejected.

Ward also relies on *Ritchie v. State*, 809 N.E.2d 258 (Ind. 2004), and *Moore v. State*, 771 N.E.2d 46 (Ind. 2002), but those cases are inapposite and distinguishable. Both *Ritchie* and *Moore* involved direct appeals from capital sentences. *See Ritchie*, 809 N.E.2d at 261; *Moore*, 771 N.E.2d at 48. Defendants are not limited in the way they may challenge their sentences on direct appeal. *See* Ind Appellate Rule 7(A) (stating that defendants in criminal appeals "may appeal the defendant's sentence" without caveat). However, petitioners are significantly limited in the claims they

9

USDC IN/ND case 3:25-cv-00798-CCB    document 1-13    filed 09/18/25    page 10 of 18
Response in Opposition to Rehearing
State of Indiana

may raise in post-conviction. *See* P-C.R. 1(1)(a)–(e); *State v. Hernandez*, 910 N.E.2d 213, 216 (Ind. 2009) ("Post-conviction proceedings provide defendants with the opportunity to raise issues that either were not available on direct appeal or were not known at the time of the original trial."); *see also Corcoran*, 246 N.E.3d at 797 (denying Corcoran permission to file a successive petition for post-conviction relief, in part, because his Eighth Amendment sentencing claims appeared to constitute freestanding claims that were not available for post-conviction review); *Latta v. State*, 743 N.E.2d 1121, 1132 (Ind. 2001) (stating that fundamental-error analysis has "no application in post-conviction proceedings"). The distinction between the types of sentencing claims that may be brought on direct appeal versus the claims that are permitted on post-conviction illustrates the inapplicability of *Ritchie* and *Moore* to the facts of Ward's case. Nothing in *Ritchie* or *Moore*—which involved method-of-execution claims raised on direct appeal—suggests that method-of-execution claims are also cognizable in successive post-conviction proceedings. This Court should decline Ward's invitation to extend *Ritchie* and *Moore* beyond their holdings.

Because this Court's decision is consistent with its prior precedent, *stare decisis* is inapplicable. "Stare decisis is a 'maxim of judicial restraint supported by compelling policy reasons of predictability.'" *State v. Timbs*, 169 N.E.3d 361, 369 (Ind. 2021) (quoting *Snyder v. King*, 958 N.E.2d 764, 776 (Ind. 2011)). The doctrine requires that courts adhere to "principle[s] of law which ha[ve] been firmly established." *Marsillett v. State,* 495 N.E.2d 699, 704 (Ind. 1986). "[A] rule which

10

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 11 of 18
Response in Opposition to Rehearing
State of Indiana

has been deliberately declared should not be disturbed by the same court absent urgent reasons and a clear manifestation of error." *Layman v. State*, 42 N.E.3d 972, 977 (Ind. 2015) (citing *Marsillett*, 495 N.E.2d at 704–05). By its very nature, the doctrine of *stare decisis* applies only to established precedent. As shown above, the majority opinion does not conflict with or overrule any established precedent. Therefore, the doctrine is inapplicable here, and this Court had no cause to further explain its basis for denying Ward's request to file a successive petition for post-conviction relief.

**B. The State has also been consistent.**

The State has not changed positions. First, presenting a meritorious argument in one case—ripeness—does not prevent the State from raising a different meritorious argument in another case. Nor does this mean that the State is "changing positions to effectuate an execution" (Reh'g Pet. 8). This Court has recognized that "the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel." *Bieghler*, 690 N.E.2d at 193. While this Court was referring to defense counsel, the same is true of State's attorneys. "'Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues.'" *Id.* at 193–94 (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). Merely because the State raised the most obvious, meritorious argument in *Isom* regarding his method-of-execution claim, does not prevent the State from raising other potentially meritorious arguments in

11

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 12 of 18
Response in Opposition to Rehearing
State of Indiana

different cases. Making additional arguments is not the same as changing arguments. And, even if the State were changing positions, neither Ward nor this Court has the ability to dictate which arguments it raises.

The State is entitled to change its position on whether parties may bring method-of-execution claims in successive post-conviction claims. Parties are permitted to change positions based on updated interpretations and understandings of rules, statutes, and case law. Ward's position—that once an argument is made, a party is married to that argument in perpetuity—conflicts with the idea that the law is dynamic and evolves in response to developing attitudes, ideas, and social mores. Following Ward's logic, once a court determines that a punishment does not violate the Eighth Amendment, it can never revise that determination. Nor could the State make an updated concession if it had previously argued against an Eighth Amendment violation. This cannot be so. Even if the State never expressly argued that method-of-execution claims are not cognizable under the post-conviction rules, its current interpretation and understanding of the rules permit the State to make that argument now. And the plain language of the rules supports the State's interpretation, as this Court recognized. *See Ward*, slip op. at 3. This Court cannot be required to disregard legally sound interpretations of law simply because they have never been made before.

Finally, *Isom* is not controlling here, and the State had no need to address it. Contrary to Ward's assertion, *Isom* did not hold "that methods of execution claims are available under Indiana law immediately preceding the issuance of an execution

12

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 13 of 18
Response in Opposition to Rehearing
State of Indiana

warrant" (Reh'g Pet. 8). Isom sought the State's lethal-injection protocol through a discovery request during post-conviction litigation. *Isom*, 170 N.E.3d at 653. The State objected to the discovery request because an execution date had not been set, and the State did not know which substances or methods would be used once an execution date was set. *Id.* Isom then claimed on post-conviction that the State lacked a "valid method of execution." *Id.* The post-conviction court found that he had waived the argument for lack of cogency and for failing to include it in his findings of fact and conclusions of law. *Id.* at 653–54.

On appeal, Isom challenged the post-conviction court's denial of his discovery request. *Id.* at 653. This Court affirmed the findings of the post-conviction court and did not reach the merits of his method-of-execution claim. *Id.* at 654–55. At no point did this Court find or even suggest that method-of-execution claims are available in successive post-conviction proceedings. *Id.* 653–55. Nonetheless, the State's objection to a discovery request during post-conviction proceedings has no bearing on the State's argument opposing the request for permission to file a successive post-conviction petition in a different case. And, again, *Isom* had to do with ripeness and had nothing at all to do with the use of the post-conviction rules to raise method-of-execution challenges—another reason why the State did not address or distinguish it.

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 14 of 18
Response in Opposition to Rehearing
State of Indiana

### C. Claims challenging a capital defendant's competency to be executed are appropriate for post-conviction, but claims challenging the method of execution are not.

Claims challenging a capital defendant's competency to be executed and challenging the method of execution are different. Claims challenging a petitioner's competency to be executed are appropriately considered in post-conviction proceedings because they challenge a capital defendant's eligibility to be executed, and Ward's reliance on those cases to claim that this Court should order injunctive relief to reconstruct the Indiana State Prison's execution chamber is misplaced. Challenges to the method of execution, on the other hand, are not appropriate in post-conviction proceedings because those claims do not attack a capital defendant's eligibility to be executed but only challenge the way in which an execution is carried out. As such, they cannot be raised in a petition for post-conviction relief.

The post-conviction rules require a petitioner to challenge "the validity of the conviction or sentence[.]" P-C.R. 1(1)(b); *see also* P-C.R. 1(1)(c) (providing that petitions for writs of habeas corpus challenging "the validity of [a] conviction or sentence" are petitions for post-conviction relief). This includes challenges to "the appropriateness" of a capital defendant's sentence. P-C.R.1(1)(e). This Court has previously considered claims challenging a capital defendant's competency to be executed in post-conviction proceedings. *See Corcoran*, 246 N.E.3d at 798–800; *Overstreet*, 993 N.E.2d at 180–81. Consideration of these claims on post-conviction is proper because they challenge a capital defendant's eligibility to be executed.

14

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 15 of 18
Response in Opposition to Rehearing
State of Indiana

"The Eighth Amendment to the U.S. Constitution prohibits 'cruel and unusual punishments,' and that prohibition is applicable to the States through the Fourteenth Amendment." *Corcoran*, 246 N.E.3d at 797–98 (internal citations omitted). This provision prohibits executing a person if they are incompetent, meaning that they "are unaware of the punishment they are about to suffer and why they are to suffer it." *Id.* (citing *Ford v. Wainwright*, 477 U.S. 399, 406, 422 (1986); *Timberlake v. State*, 858 N.E.2d 625, 628–29 (Ind. 2006)). "The prohibition applies despite a prisoner's earlier competency to be held responsible for committing a crime and to be tried for it." *Panetti v. Quarterman*, 551 U.S. 930, 934 (2007).

To claim that execution is prohibited because the petitioner is incompetent to be executed is to challenge a petitioner's eligibility to serve the sentence imposed. If successful, the petitioner is prohibited from being executed. *Ford*, 477 U.S. at 401 (holding that the federal constitution forbids execution of the insane). The result is that he serves a different sentence, unless or until his competency is restored. In other words, the petitioner has shown that he is ineligible to be executed. Although competency may be restored, the petitioner's originally imposed sentence of death may not be effectuated until that time. So a capital defendant may properly challenge his competency to be executed in a post-conviction proceeding.

A capital defendant challenging his method of execution, like Ward, is in a materially different position. Ward is not claiming that he is ineligible to be executed. Instead, he is concerned with *the way in which* he will be executed. Even if his method-of-execution claim is successful, he is still eligible for execution; the

15

State would only be prohibited from executing him by that method. That is wholly distinguishable from a claim of incompetency to be executed, which would prohibit the State from executing him at all. *Panetti*, 551 U.S. at 934 (quoting *Ford*, 477 U.S. at 409–10) ("The Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane."). Because claims challenging competency to be executed are materially different from claims challenging the method of execution, allowing one and not the other to be presented in post-conviction proceedings makes sense. Challenging competency to be executed challenges the petitioner's eligibility to serve the sentence imposed, so it is permissible. Challenging the method of execution does not, so it is not permitted. *See Ward*, slip op. at 3. The majority opinion did not break new ground; it merely held Ward to the parameters established by the post-conviction rules.

**D. Ward has available judicial remedies at his disposal to compel the disclosure of his APRA requests.**

This Court should not adopt the dissenting opinion (Reh'g Pet. 10–12). APRA provides an independent enforcement mechanism through which Ward and his attorneys can compel the disclosure of the information he has requested so long as that information is not protected by the confidentiality statute. *See* I.C. § 5-14-3-9(e)–(k). Ward's desire to pervert the post-conviction rules instead of taking advantage of the judicial remedies available to him does not mean that the State has impeded his ability to do so. Extensions or continuations in other cases dealing with other litigants in other courts do not support a conclusion that the State is perpetuating "death by delay" (Reh'g Pet. 10–12). And despite Justice Goff's claim to

Response in Opposition to Rehearing
State of Indiana

the contrary, it is too early to determine whether the information Ward's attorneys have requested would violate the confidentiality statute, which broadly prohibits the disclosure of information reasonably calculated to the lead to the discovery of the supplier. *See* I.C. § 35-38-6-1-(f). But in any event, Ward has available avenues to litigate that precise question, and his failure to pursue those avenues is no reason to twist and contort the post-conviction rules into a method to obtain public records. This Court's adherence to those rules was correct. Ward's petition for rehearing should be denied.

## CONCLUSION

This Court should deny Ward's petition for rehearing.

Respectfully submitted,

THEODORE E. ROKITA
Indiana Attorney General
Attorney No. 18857-49

*/s/ Tyler Banks*
Tyler Banks
Supervising Deputy Attorney General
Attorney No. 30514-36

## WORD COUNT CERTIFICATE

I verify that this brief contains no more than 4,200 words.

*/s/ Tyler Banks*
Tyler Banks
Supervising Deputy Attorney General
Attorney No. 30514-36

USDC IN/ND case 3:25-cv-00798-CCB   document 1-13   filed 09/18/25   page 18 of 18
Response in Opposition to Rehearing
State of Indiana

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2025, I electronically filed the foregoing document using the Indiana E-Filing System ("IEFS"). I also certify that the foregoing document was served September 8, 2025, upon opposing counsel via IEFS:

Amy Karozos

Joanna Green

Laura Volk

                                              */s/ Tyler Banks*
                                              Tyler Banks
                                              Supervising Deputy Attorney General
                                              Attorney No. 30514-36

OFFICE OF INDIANA ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 234-7016
Email: Tyler.Banks@atg.in.gov