# In the
# Indiana Supreme Court

| | |
|---|---|
| Roy Lee Ward,<br>　　Appellant,<br><br>　　v.<br><br>State of Indiana,<br>　　Appellee. | Supreme Court Case Nos.<br>74S00-0907-PD-320<br>25S-SD-167<br><br>Trial Court Case No.<br>74C01-0107-CF-158 |



FILED
Sep 10 2025, 3:17 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

## Published Order Denying Rehearing

After completing a direct appeal, a post-conviction appeal, and federal habeas corpus proceedings, Roy Lee Ward remains sentenced to death for the murder of fifteen-year-old Stacy Payne. On August 27, 2025, the Court issued an order (1) denying Ward's request for leave to file a successive petition for post-conviction relief; and (2) granting the State's motion to set an execution date. On September 2, Ward, by counsel, filed a Petition for Rehearing of the Court's August 27 order. The State filed a response opposing rehearing on September 8.

　　Being duly advised, the Court DENIES Ward's "Petition for Rehearing."

　　Done at Indianapolis, Indiana, on  9/10/2025  .

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Loretta H. Rush
　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Justice of Indiana

Rush, C.J., and Massa, Slaughter, and Molter, JJ., concur.
Goff, J., dissents with separate opinion.

**Goff, J., dissenting from denial of rehearing.**

On July 30, 2025, Roy Lee Ward filed his opposition to the State's motion to set an execution date, along with a motion seeking leave to file a successive petition for post-conviction relief (PCR). In his motion to file a successive PCR petition, Ward argued that the DOC's failure in responding to his request for public records related to its lethal-injection protocol deprived him of the information he needs to challenge his sentence as cruel and unusual under the Eighth Amendment to the United States Constitution and Article 1, Section 16 of the Indiana Constitution. On August 27, this Court denied Ward's motion to seek successive PCR and confirmed the execution date, reasoning that, because he sought relief "only from the *method* by which" his death sentence is carried out, rather than challenging the validity of the conviction or sentence itself, as the post-conviction rules require, Ward failed to establish a reasonable possibility of entitlement to relief. *Ward v. State*, Nos. 74S00-0907-PD-320, 25S-SD-167 (Ind. Aug. 27, 2025) (order setting execution date and denying leave to seek successive post-conviction relief) (emphasis added).

Ward now seeks rehearing, arguing that the Court's order conflicts with precedent in which we *have* addressed method-of-execution claims in the post-conviction context. Pet. for R'hrg at 4–5 (citing *Bieghler v. State*, 839 N.E.2d 691 (Ind. 2005); *Johnson v. State*, 827 N.E.2d 547 (Ind. 2005)). Ward also points out that in two other capital cases—*Corcoran v. State*, 246 N.E.3d 782 (Ind. 2024) and *Overstreet v. State*, 993 N.E.2d 179 (Ind. 2013)—this Court reviewed claims challenging the petitioner's competency to be executed, neither of which attacked the validity of a conviction or sentence itself. Pet. for R'hrg at 6–7. "Logically," Ward argues, "claims challenging the method of execution should continue to be treated the same." *Id.* at 8.

In response, the State argues that competency-to-be-executed claims and method-of-execution claims are "different." Resp. in Opp. to R'hrg at 14. The former type of claim, the State submits, *is* allowed under the post-conviction rules because it challenges a capital defendant's "eligibility to be executed" and a "finding of incompetency prevents a death sentence from being carried out; the State is categorically prohibited from executing

such a person." *Id.* at 5, 14. A method-of-execution claim, by contrast, allegedly does "not attack a capital defendant's eligibility to be executed" and does "not categorically prohibit execution but only challenge[s] how an execution may be effectuated." *Id.* at 5, 14.

The State's arguments, in my view, fall flat.

To begin with, the State has emphasized throughout these proceedings that, under the "plain language" of the post-conviction rules, a petitioner cannot bring a method-of-execution challenge in a successive PCR petition "because those challenges are not ones to the 'validity of the conviction or sentence.'" *Id.* at 5, 8 (quoting Ind. Post-Conviction Rule 1(1)(b)); *see also* Resp. in Opp. to Request to File Successive PCR Petition at 10 (arguing that "Ward is not attacking the validity of his conviction or sentence"). But a competency-to-be-executed claim, which the State describes as a claim challenging a "capital defendant's *eligibility* to be executed," likewise does not attack the "validity of the conviction or sentence" itself, as the "plain language" of the post-conviction rules require. *See* Resp. in Opp. to R'hrg at 5, 8, 14 (emphasis added).

Second, a finding that a particular method of execution amounts to cruel-and-unusual punishment (just like a finding of incompetency) *would* "categorically prohibit" the execution from being carried out. *See id.* at 5. To be sure, the execution may still be carried out by *other means* that are not cruel and unusual. But a person found incompetent may likewise be executed if and when his competency is restored. So, in neither case is execution categorically prohibited under *all* circumstances.

Finally, as the State itself points out, the post-conviction rules permit challenges to "the appropriateness" of a capital defendant's sentence. *Id.* at 14 (quoting P-C.R. 1(1)(e)). What else is a method-of-execution claim if it's not challenging the "appropriateness" of the sentence? *Cf. Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007) (appellate court's review-and-revise authority under Appellate Rule 7(B) applies not just to the term of an offender's sentence but also to place or method of carrying out that sentence).

In short, the State makes no meaningful distinction between a competency-to-be-executed claim and a method-of-execution claim to warrant different treatment in the post-conviction context. And the post-conviction rules themselves permit challenges to "the appropriateness" of a sentence, which almost certainly includes a method-of-execution claim.

For these reasons, I would grant Ward's petition for rehearing, grant him permission to file the successive PCR petition (assuming he seeks to set aside his death sentence on cruel-and-unusual-punishment grounds), and issue a stay of execution until after the DOC responds to his request for public records so Ward has sufficient time to investigate the viability of his claim.