

# Office of the Attorney General
## Washington, D. C. 20530

January 15, 2025

MEMORANDUM FOR THE DIRECTOR, FEDERAL BUREAU OF PRISONS

FROM:      THE ATTORNEY GENERAL

SUBJECT:   DETERMINATION FOLLOWING REVIEW OF THE FEDERAL EXECUTION PROTOCOL ADDENDUM AND THE MANNER OF EXECUTION REGULATIONS

On July 1, 2021, I issued a memorandum instituting a moratorium on federal executions pending the Department of Justice's (Department) review of certain policies and procedures. *See* Memorandum for the Deputy Attorney General and Others, *Moratorium on Federal Executions Pending Review of Policies and Procedures* (July 1, 2021) ("2021 Memorandum"). The memorandum declared that "the Department of Justice must ensure that everyone in the federal criminal justice system is not only afforded the rights guaranteed by the Constitution and laws of the United States, but is also treated fairly and humanely." *Id.* at 1. The memorandum directed the Office of Legal Policy, under the supervision of the Deputy Attorney General, to coordinate a review of the federal execution protocol addendum, and also a review of the Department's regulations governing the manner of federal executions.

The current regulatory regime, described in the addendum, provides that a federal "sentence of death shall be executed … [b]y intravenous injection of a lethal substance or substances in a quantity sufficient to cause death, such substance or substances to be determined by the Director of the Federal Bureau of Prisons." 26 C.F.R. § 26.3(a)(4). The addendum states that "[t]he lethal substances to be utilized in federal lethal injections shall be Pentobarbital Sodium." 2019 Memorandum at 7. The then-Attorney General ordered the Bureau of Prisons to adopt the addendum on July 24, 2019. Following the adoption of the addendum, 13 federal executions took place between July 2020 and January 2021.

The 2021 Memorandum instituting the moratorium also noted:

> Although some medical experts have concluded that the use of pentobarbital may risk inflicting painful pulmonary edema, the Supreme Court found that this risk was insufficient "to justify last-minute intervention by a Federal Court" shortly before an execution was scheduled to occur. *Barr v. Lee*, 140 S. Ct. 2590, 2591 (2020) (per curiam). A risk need not meet the Court's high threshold for such relief, or violate the Eighth Amendment, to raise important questions about our responsibility to treat individuals humanely and avoid unnecessary pain and suffering.

2021 Memorandum at 1.

Successive Petition for Post-Conviction Relief - Roy Lee Ward

USDC IN/ND case 3:25-cv-00798-CCB   document 1-15   filed 09/18/25   page 2 of 2

Memorandum for The Director, FBOP
Subject: Determination Following Review of The Federal
Execution Protocol Addendum and the Manner of Execution Regulations

Page 2

The Office of Legal Policy has coordinated review of the addendum and the Department's regulations governing the manner of execution, including, as directed by the 2021 Memorandum, in "consultation with all relevant Department components, including the Bureau of Justice Statistics, Bureau of Prisons, Drug Enforcement Administration, Civil Division, Civil Rights Division, Criminal Division, National Institute of Justice, and U.S. Marshals Service; other state and federal agencies, including the Department of Health and Human Services; medical experts; experienced capital counsel; and other relevant stakeholders, including members of the public, as appropriate." *Id.* at 2. Having assessed the risk of pain and suffering associated with the use of pentobarbital, the review concluded that there is significant uncertainty about whether the use of pentobarbital as a single-drug lethal injection for execution treats individuals humanely and avoids unnecessary pain and suffering.

Because it cannot be said with reasonable confidence that the current execution protocol "not only afford[s] the rights guaranteed by the Constitution and laws of the United States" but "also treat[s] individuals [being executed] fairly and humanely," *id.* at 1, that protocol should be rescinded, and not reinstated unless and until that uncertainty is resolved. In the face of such uncertainty, the Department should err on the side of treating individuals humanely and avoiding unnecessary pain and suffering.

The review also concluded that the amendments made to the Department's manner of execution regulation, made in November 2020, *see* Manner of Federal Executions, 85 Fed. Reg. 75,846 (Nov. 27, 2020), largely reflect statutory law and that thus there is no present reason to modify or rescind them. Nonetheless, the review has concluded that if a federal execution is to take place under this regulation by a manner of execution other than lethal injection of pentobarbital, the Department should, before proceeding, conduct the same kind of evaluation of that manner of execution as was done concerning pentobarbital, with the same consideration of the risks posed by that method.

Therefore, pursuant to the authority vested in the Attorney General by law, including 28 U.S.C. §§ 509 and 510, I hereby direct the Director of the Federal Bureau of Prisons to rescind the addendum to the execution protocol of July 25, 2019, which provides for lethal injection of pentobarbital. I further direct the Director to assist the Office of Legal Policy, under the supervision of the Deputy Attorney General, to conduct evaluations of any other manner of execution, and of the State or local facilities and personnel involved in any such execution, before such other manner may be implemented. Accordingly, the moratorium on federal executions announced on July 1, 2021, remains in effect.